UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SHAW, #258480,

        Petitioner,               Case No. 07-12444

vs.                                            DISTRICT JUDGE PATRICK J. DUGGAN
                                            MAGISTRATE JUDGE STEVEN D. PEPE

KENNETH McKEE,

        Respondent.
============================/

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. #3)**
**AND**
**ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING (DKT. #4)**

On June 7, 2007, Petitioner filed his habeas petition under 28 U.S.C. §2254 challenging his conviction and sentence. On that same date, Petitioner filed his motion for appointment of counsel (Dkt. #3) and his motion for an evidentiary hearing (Dkt. #4). Respondent subsequently filed a December 10, 2007, motion to dismiss this action for Petitioner's failure to comply with the statute of limitations, 28 U.S.C. § 2244(d) (Dkt. #11). On December 10, 2007, all pre-trial matters were referred under 28 U.S.C. § 636(b) (Dkt. #12). For the reasons stated below, it is **ORDERED** that Petitioner's motion for appointment of counsel and his motion for an evidentiary hearing are **DENIED**.

In this case, Petitioner was convicted of two counts of armed robbery,[1] assault with intent

---

[1] MCL 750.529.

1

to rob while armed,[2] assault with intent to do great bodily harm less than murder,[3] first-degree home invasion,[4] and possession of a firearm during commission of a felony.[5] He was sentenced on August 15, 1997. Petitioner filed an appeal of right in the Michigan Court of Appeals that was denied in an unpublished *per curiam* opinion issued June 22, 1999. *People v Shaw*, Michigan Court of Appeals No. 207459, Opinion issued 06/22/99. Petitioner does not appear to have filed an application for further direct review in the Michigan Supreme Court or United States Supreme Court.[6]

Instead, Petitioner waited until on or about October 7, 2005, more than five years later, to file a motion for relief from judgment in the trial court. While collateral review will toll the one-year statute of limitations, it does not reset the time period – which in this case had long since expired.[7] Furthermore, Petitioner's claims do not appear to be based on newly recognized

---

[2] MCL 750.89.

[3] MCL 750.84.

[4] MCL 750.110a(2).

[5] MCL 750.227b.

[6] Under MCR 7.302(C)(2), the Court of Appeals judgment became final 56 days later on August 17, 1999. Petitioner then had 90 days, until November 15, 1999, to seek further review in the United States Supreme Court (See Supreme Court Rule 13.1). The statute of limitations expired one-year later on November 15, 2000.

[7] As the Sixth Circuit explained in *Payton v Brigano*, 256 F.3d 405, 408-409 (6th Cir. 2001), application for post-conviction or collateral review serves only to toll the statute of limitations, it does not reset it or create a new date from which the statute begins to run:

> Section 2244(d)(1)(A) provides that the statute of limitations begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 2244(d)(1)(A) (emphasis added). By contrast, the tolling provision, 2244(d)(2), specifically references "properly filed applications for State post-conviction or other collateral review." 2244(d)(2). As the

2

constitutional rights or newly discovered evidence demonstrating actual innocence.

I.      **Motion for Appointment of Counsel**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

As noted in greater detail in a report and recommendation issued on this same date, Petitioner has failed to comply with the applicable statute of limitation, and is therefore time barred from bringing his claims. Accordingly, Petitioner has no chance of success, and appointment of counsel would be futile. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in pro bono cases without payment. Their services must be carefully

---

district court observed: "The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations. 2244(d)(2)." In short, the statute makes a clear distinction between the conclusion of direct appeals and post-conviction relief.

rationed to the most appropriate cases.

Accordingly, Petitioner's motion for appointment of counsel is **DENIED**.

## II. Motion for Evidentiary Hearing

Plaintiff has also filed a motion for an evidentiary hearing to develop the facts necessary for this Court to review his claims. He fails to specify, however, what claims need further development, but rather makes a general request for a hearing to discuss his entire case. Regardless, as noted above, Petitioner is time barred from bring his claims by the applicable statute of limitations. Accordingly, an evidentiary hearing will be futile. It is therefore **ORDERED** that Petitioner's motion for an evidentiary hearing is **DENIED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: December 27, 2007　　　　　　　　　　　　s/Steven D. Pepe
Flint, Michigan　　　　　　　　　　　　　　　　United States Magistrate Judge

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order Denying Motions for Counsel and Evidentiary Hearing* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 27, 2007.

          s/ Alissa Greer
          Case Manager to Magistrate
          Judge Steven D. Pepe
          (734) 741-2298