UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DUANE SHAW,

       Petitioner,

v.                                                            Case No. 07-12444
                                                              Honorable Patrick J. Duggan

KENNETH MCKEE,

       Respondent.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 8, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On June 7, 2007, Petitioner Jeremy Duane Shaw filed an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, Petitioner challenges

his state court convictions for armed robbery, assault with intent to rob while armed,

assault with intent to do great bodily harm less than murder, first-degree home invasion,

and possession of a firearm during the commission of a felony. On December 10, 2007,

Respondent filed a motion to dismiss contending that the petition is barred by the statute

of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). On the same date, this Court referred the matter to Magistrate Judge Steven

D. Pepe for a report and recommendation ("R&R") and for all pretrial proceedings.

Magistrate Judge Pepe issued an R&R on December 27, 2007. In his R&R,

Magistrate Judge Pepe concludes that the AEDPA's statute of limitations expired on November 15, 2000– that is, after the Michigan Court of Appeals affirmed Petitioner's conviction on direct review and after the time expired for Petitioner to seek review in the Michigan Supreme Court or United States Supreme Court. Magistrate Judge Pepe acknowledges in his R&R that Petitioner filed a motion for relief from judgment in the trial court on October 7, 2005 and that collateral review will toll the one-year statute of limitations. The magistrate judge notes, however, that collateral review does not reset the time period and that the statute of limitations had long since expired by the time Petitioner filed his motion in the trial court. Magistrate Judge Pepe therefore recommends that this Court grant Respondent's motion and dismiss Petitioner's application for habeas relief.

At the conclusion of his R&R, Magistrate Judge Pepe informs the parties that they must file any objections to the R&R within ten days. Petitioner filed objections on January 14, 2008. In his objections, Petitioner contends that Magistrate Judge Pepe failed to consider the AEDPA's statute of limitations provision that starts the one-year limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner argues that he demonstrated in his petition for habeas relief that he only discovered the factual predicate of his unlawful arrest claim in 2005. The evidence to which Petitioner refers are transcripts and police reports which he asserts show that he was arrested for investigative purposes and without probable cause before he confessed in a statement to police. Although Petitioner made this assertion as to why his

2

habeas petition was timely filed in his petition and in response to the motion to dismiss, Magistrate Judge Pepe did not address it. Nevertheless, upon *de novo review*,[1] the Court finds that Petitioner did not exercise due diligence to obtain the police reports and transcripts. Thus the Court adopts Magistrate Judge Pepe's recommendation and dismisses the petition as untimely.

Petitioner was convicted of the previously listed offenses on July 24, 1997. The trial court sentenced Petitioner on August 15, 1997. Petitioner thereafter filed a direct appeal, which the Michigan Court of Appeals denied on June 22, 1999. *People v. Shaw*, No. 207459 (Mich. Ct. App.) (unpublished opinion). Petitioner did not file an application for further direct review in the Michigan Supreme Court or the United States Supreme Court. Petitioner indicates in his memorandum of law in support of his habeas petition that he began requesting copies of the transcripts and police reports relevant to his case in May 2002 and that he continued his attempt to obtain those reports through March 2004.[2] Petitioner attaches documentation to his petition to support these assertions.

Thus by his own admission, Petitioner waited almost three years to begin pursuing evidence that he believed might support a petition for collateral review. The delay between the denial of Petitioner's direct review and his request for these documents alone

---

[1] *See* FED. R. CIV. P. 72(b)

[2] The Court notes that, according to a letter that the Wayne County Clerk Staff sent to Petitioner, copies of the trial transcripts were sent to Petitioner on May 4, 1998. (Pet., App. L.) Petitioner acknowledged receipt of the transcripts, but claimed they were destroyed. (*Id.*)

indicates that Petitioner did not act with "due diligence." The Court therefore concludes

that the AEDPA's statute of limitations began to run in Petitioner's case from "the date

on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As Magistrate Judge

Pepe correctly found, the limitations period expired well before Petitioner filed the

pending application for a writ of habeas corpus.

Accordingly,

**IT IS ORDERED**, that Respondent's motion to dismiss for failure to comply with

the statute of limitations is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Jeremy Duane Shaw, #258480
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442

Brian O. Neill, Esq.