UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DUANE SHAW,

        Petitioner,

v.                                                               Case No. 07-12444
                                                                   Honorable Patrick J. Duggan

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S MOTION TO ALTER JUDGMENT AND
(2) DENYING AS MOOT PETITIONER'S MOTION TO STAY PROCEEDINGS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 27, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On June 7, 2007, Petitioner Jeremy Duane Shaw filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent thereafter filed a motion to dismiss contending that the petition is barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On February 8, 2008, this Court issued an Opinion and Order granting Respondent's motion and dismissing the petition. On February 19, 2008, Petitioner filed a notice of appeal and a request for a certificate of appealability. Almost one week later, on February 25, 2008, Petitioner filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59. Petitioner also filed a motion to stay his request for a certificate of appealability pending the outcome of his Rule 59 motion.

It is "settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995); *see also City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) ("As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals.") As a result, this Court lacks jurisdiction to address Petitioner's motion to alter judgment. In any event, despite the assertions in Petitioner's motion, the Court continues to find that Petitioner failed to act diligently in pursuing habeas relief.

According to Petitioner, he received his complete state court file in July 2002, which contained the arrest warrant and trial court transcript providing the factual predicate of the claims in his habeas petition. Yet Petitioner did not file his application for a writ of habeas corpus until June 7, 2007. Thus the Court continues to hold that Petitioner's application for a writ of habeas corpus is barred by the AEDPA's statute of limitations.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to stay proceedings is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Jeremy Duane Shaw, #258480
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442

Brian O. Neill, Esq.